In re Petition for DISCIPLINARY AC-TION AGAINST Max J. RUTTGER, III, an Attorney at Law of the State of Minnesota.

No. C8–97–109.

Supreme Court of Minnesota.

April 24, 1997.

### ORDER

WHEREAS, the Director has filed a petition for disciplinary action dated January 13, 1997, a supplemental petition dated February 12, 1997, and a petition for temporary suspension dated February 14, 1997; and

WHEREAS, by order of this court the matter was scheduled for an en banc hearing on May 5, 1997, to consider the petition for temporary suspension pending further disciplinary proceedings; and

WHEREAS, the parties have entered into a stipulation by which respondent Max J. Ruttger, III, has withdrawn his answer to the petition which in effect deems the allegations of the petitions admitted in accordance with Rule 13(b), Rules on Lawyers Professional Responsibility, and has waived any and all further proceedings as well as the right to contest any sanctions which might be imposed by this court; and

WHEREAS, without regard to that stipulation, this court is persuaded that it would be benefitted by the filing of briefs addressed to the question of what, if any, sanctions should be imposed by virtue of the allegations in the petitions and respondent's admissions;

IT IS HEREBY ORDERED that the matter is stricken from the May 5, 1997, calendar. The parties shall serve and file informal briefs or memoranda discussing, with applicable authority, the question of sanctions to be imposed. The informal briefs shall be served and filed simultaneously by the parties not later than 15 days from the date of this order and the matter will be scheduled at a date to be later determined, on the June en banc oral calendar. If, because of respondent's waiver he chooses to

waive his right to briefing, he should so inform the court in writing within the time authorized by this order;

IT IS FURTHER ORDERED that pursuant to Rule 16(d), Rules on Lawyers Professional Responsibility, respondent, Max J. Ruttger is, effective on the filing of this order, temporarily suspended from the practice of law pending final determination of what, if any, disciplinary sanctions are to be imposed on the petition for disciplinary action. Respondent must comply with the provisions of Rule 26, Rules on Lawyers Professional Responsibility.

BY THE COURT:

/s/ <u>Alan C. Page</u>

Alan C. Page

Associate Justice